IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Amy Breunig, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 4:09-cv-2712-TLW |
| | ) | |
| Town of Atlantic Beach, Chief Randy Rizzo, | ) | |
| Officer Michelle Coleman, Councilwoman | ) | |
| Sherry Suttles, Councilwoman Charlene | ) | |
| Taylor, Councilwoman Josephine Isom, | ) | **ORDER** |
| Councilman Jake Evans, Clerk Jackie Gore, | ) | |
| Mayor Irene Armstrong, Manager Marcia | ) | |
| Conner, Manager William Booker, and | ) | |
| Councilman Donnell Thompson[1], | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff filed this action on October 17, 2009, alleging eight constitutional and statutory causes of action as well as a claim for permanent injunction. (Doc. #1). This matter is now before the Court for consideration of the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), or in the alternative for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Doc. #9). The plaintiff filed a response on November 25, 2009. (Doc. #10). The defendants then filed a reply on December 7, 2009. (Doc. #11). The defendants seek dismissal of the first eight substantive causes of action brought by the plaintiff, or in the alternative, a more definite statement as to each of these claims. This Court will address the motion as it relates to each claim in turn.

---

[1] The parties entered a stipulation of dismissal as to Defendant Donnell Thompson on March 8, 2010. (Doc. #15).

## I. Motion to Dismiss Claims Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has recently held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Court further noted that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

### A. Ground Three: Failure to Guarantee Republican Form of Government

The plaintiff's third cause of action is for a failure to guarantee a republican form of government under Article I, Section 9[2] of the United States Constitution pursuant to 42 U.S.C. § 1983.  In support of this claim, the plaintiff alleges that "the Defendants have turned the Town of Atlantic Beach into a de facto dictatorship, there has been fraud, vote buying, election fraud, the duly elected Mayor is prevented from participating in the government, citizens are arrested if they speak out in Town hall meetings, the state and federal constitution and laws are ignored, citizen's rights and safety are ignored and abused, public funds are pilfered and Defendant Thompson rules by unilateral decree."  (Doc. #1, ¶ 16).  The plaintiff adds that "[t]he declared policy of the Defendants is to destroy the church and any who support here, so as to protect their drug haven," and concludes by noting that "Defendants' souls are dead to religion, God, and the rights and suffering of their sisters and brothers."  (Doc. #1, ¶ 16).

The United States Supreme Court has held that "[a]s to the guaranty to every state of a republican form of government (section 4, art. 4), it is well settled that the questions arising under it are political, not judicial, in character and thus are for the consideration of the Congress and not the courts."  Ohio ex rel. Bryant v. Akron Metropolitan Park Dist. for Summit County, 281 U.S. 74, 80 (1930) (citing Pacific States Telephone & Telegraph Co. v. Oregon, 223 U.S. 118 (1912)).  The conclusion that claims under the Guaranty Clause are not justiciable has been restated in later cases including Baker v. Carr, 369 U.S. 186, 217-18 (1962), Risser v. Thompson, 930 F.2d 549, 552 (7th Cir. 1991), and Herbert v. United States, 2007 WL 3020494 at *5 (D.S.C. 2007).

Applying the principles set forth above, the Court concludes that the plaintiff has failed to

---

[2]The Court notes that the Guaranty Clause is found at Article 4, Section 4 of the United States Constitution.

state a claim upon which relief can be granted with regard to this claim. For this reason, the defendants' motion to dismiss this cause of action is granted, and the plaintiff's third cause of action for failure to guarantee a republican form of government is hereby **DISMISSED**.

### B. Ground Five: Violation of Freedom of Religion Pursuant to 42 U.S.C. § 1983.

The plaintiff's fifth cause of action is for violation of her First Amendment freedom of religion pursuant to 42 U.S.C. § 1983. In support of this contention, the plaintiff states that "Defendants did violate the Plaintiff's rights under the First Amendment to practice her faith freely and to express her beliefs freely . . . Defendants have adopted as policy an anti-Christian, anti-Religious program." (Doc. #1, ¶ 24). Within the earlier factual allegations section of the complaint, the plaintiff also notes that "Plaintiff has been a recent ally of the CME Missionary Church, which it is Defendant's policy to destroy." (Doc. #1, ¶ 8).

The plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983. Section 1983 provides that:

> every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To establish a violation under 42 U.S.C. § 1983, the plaintiff must prove: (1) that the defendants deprived her of a right secured by the Constitution and laws of the United States, and (2) that the defendants deprived the plaintiff of this right under color of state statute, ordinance, regulation, custom or usage. Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001), Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Determining the applicability of Section 1983 requires the Court

to first examine the underlying constitutional violations alleged in the complaint.

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. Amend. I. The "Religion Clauses" are made applicable to the states through the Fourteenth Amendment and are "designed to protect religious liberty." Brown v. Gilmore, 258 F.3d 265, 274 (4th Cir. 2001) (internal citations omitted). Courts have noted that "[t]he Establishment Clause limits any governmental effort to promote particular religious views to the detriment of those who hold other religious beliefs or no religious beliefs, while the Free Exercise Clause affirmatively requires the government not to interfere with the religious practices of its citizens." Id. at 274. The United States Supreme Court has further held that the Free Exercise Clause "requires government respect for, and noninterference with, the religious beliefs and practices of our Nation's people." Cutter v. Wilkinson, 544 U.S. 709, 719 (2005).

The plaintiff in this case has stated no facts from which the Court can conclude that the defendants have violated her rights to Freedom of Religion under the Free Exercise Clause of the First Amendment. The plaintiff has asserted no facts suggesting that her Free Exercise rights have been violated, nor identified any state statute, ordinance, regulation, custom or usage through which the defendants have violated her Free Exercise rights. Thus, the Court concludes that the plaintiff has failed to meet the "facial plausibility" standard set forth in Iqbal and Twombly with regard to this claim. The defendants' motion to dismiss this claim is granted, and the plaintiff's fifth cause of action for violation of her First Amendment Freedom of Religion pursuant to 42 U.S.C. § 1983 is **DISMISSED**.

### C. Ground Eight: Deprivation of Property.

The plaintiff's eighth cause of action is for deprivation of property under the constitution. In the complaint, the plaintiff asserts that "Defendants violated Plaintiff's rights under the Fifth Amendment by depriving the Plaintiff of property without due process by destroying the value of Plaintiff's property and thereafter failing to provide just compensation." (Doc. #1, ¶ 32).

The Fourth Circuit has noted that "the due process clause of the Fifth Amendment applies to action by the federal government," and that a due process action against a state entity "must be grounded in the Fourteenth Amendment's due process clause." Quest Communications Corp. v. City of Greensboro, 440 F. Supp. 2d 480, 494 (M.D.N.C. 2006). To state a claim for relief, the plaintiff "must set forth (1) a cognizable property interest, rooted in state law; and (2) an arbitrary and capricious deprivation of that right." Id. at 493-94 (citing Scott v. Greenville County, 716 F.2d 1409, 1418 (4th Cir. 1983)). In addition, "the property interest claimed must be more than a 'unilateral expectation,' it must be a 'legitimate claim of entitlement.'" Id. at 494 (quoting Biser v. Town of Bel Air, 991 F.2d 100, 104 (4th Cir. 1993)).

The complaint in this case states no facts from which the Court can conclude that there has been a deprivation of property rights without due process of law. The plaintiff has not identified any specific property right at issue, nor shown how the defendants have denied her that right. Thus, the Court concludes that the plaintiff has failed to meet the "facial plausibility" standard set forth in Iqbal and Twombly with regard to this claim. The defendants' motion to dismiss this claim is granted and the plaintiff's eighth cause of action for deprivation of property is **DISMISSED**.

## II. Alternative Motion for More Definite Statement Pursuant to Rule 12(e).

As an alternative ground for their motion, the defendants have moved for a more definite statement as to the claims raised by the plaintiff. Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The Court will address the motion for more definite statement as it relates to the five remaining substantive causes of action.

### A. Ground One: Racial Discrimination Pursuant to 42 U.S.C. § 1983

The plaintiff's first cause of action is that the defendants discriminated against the plaintiff on the basis of her race in violation of her equal protection rights under the Fourteenth Amendment. The plaintiff brings this claim pursuant to 42 U.S.C. § 1983, as discussed in detail above.

In support of the contention that the plaintiff has been denied the equal protection of the law on the basis of race, the plaintiff asserts that she has been discriminated against because she is Caucasian. Among the allegations against the defendants, the plaintiff asserts that the defendants "charge accommodation taxes to her businesses but not to black businesses," and that "Defendants required repairs to Plaintiff's buildings which were not required of black buildings." (Doc. #1, ¶ 7). The plaintiff adds that "[w]hen Plaintiff reports drug activities to Defendants, Defendants report it to the drug dealers what Plaintiff has said endangering Plaintiff," and that "Defendants harass Plaintiff's tenants costing her revenue from rentals." (Doc. #1, ¶ 7).

Although the factual allegations with regard to the equal protection claims are limited, the Court concludes that the allegations are sufficient to allow this claim to survive a Rule 12 motion. However, the Court notes that the plaintiff has failed to specify which defendants are responsible for

any alleged violations of her Fourteenth Amendment rights. Without a more definite statement, the defendants cannot be expected to draft a responsive pleading or adequately prepare a defense. For this reason, the defendants' motion for a more definite statement is granted as to this claim for relief.

The plaintiff shall have 14 days to submit a more definite statement with regard to the first cause of action for racial discrimination. Within this statement, the plaintiff is directed to specify which defendants are allegedly responsible for any equal protection violations, and to assert facts with regard to each defendant's alleged involvement. Failure to submit a more definite statement in compliance with Federal Rule of Civil Procedure 8(a) within fourteen (14) days of the entry of this Order will result in dismissal of this cause of action.

### B. Ground Two: Depriving Persons of Rights Pursuant to 42 U.S.C. § 1985

The plaintiff's second cause of action is for deprivation of rights pursuant to 42 U.S.C. § 1985. Within the complaint, the plaintiff alleges that "the Defendants conspired for the purpose of depriving the Plaintiff of the equal protection of the laws," and that "as a direct result and consequence of Defendant's depriving Plaintiff of her rights, Plaintiff has suffered intense distress, public humiliation and embarrassment, loss of income and other damages." (Doc. #1, ¶ 13, 14).

The Fourth Circuit has held that "[t]he law is well settled that to establish a sufficient cause of action for 'conspiracy to deny equal protection of the laws' under section 1985(3), a plaintiff must prove: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995) (citing Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir. 1985)). The

Fourth Circuit added that it has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." Id. at 1377.

The plaintiff's factual allegations with regard to the elements of a 42 U.S.C. § 1985 action are lacking specificity. However, the Court concludes that the allegations in the complaint are sufficient to allow the plaintiff's claim to survive a Rule 12 motion. The Court notes, however, that the plaintiff has failed to specify which defendants are responsible for any alleged violations of 42 U.S.C. § 1985. Without a more definite statement, the defendants cannot be expected to draft a responsive pleading or adequately prepare a defense. For this reason, the defendants' motion for a more definite statement is granted as to this claim for relief.

The plaintiff shall have 14 days to submit a more definite statement with regard to the second cause of action for violations of 42 U.S.C. § 1985. Within this statement, the plaintiff is directed to specify which defendants are allegedly responsible for any Section 1985 violations, and to assert facts with regard to each of the defendants' alleged involvement. Failure to submit a more definite statement in compliance with Federal Rule of Civil Procedure 8(a) within fourteen (14) days of the entry of this Order will result in dismissal of this cause of action.

### C. Ground Four: Conspiracy

The plaintiff's fourth cause of action is for conspiracy under state law. In support of this claim, the plaintiff asserts that "Defendant with third parties conspired together and acted in concert to commit illegal acts and/or to commit legal acts by illegal means to harm Plaintiff," and goes on to note generally that "Defendants have committed acts in furtherance of the conspiracy." (Doc. #1, ¶ 20, 21).

South Carolina courts have held that "[t]he tort of civil conspiracy has three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing plaintiff special damage." Hackworth v. Greywood at Hammett, LLC, 682 S.E. 2d 871, 874 ((2009) (citing Vaught v. Waites, 387 S.E.2d 91, 95 (Ct. App. 1989)). The South Carolina Supreme Court has further held that "[a] claim for civil conspiracy must allege additional acts in furtherance of a conspiracy rather than reallege other claims within the complaint," and that "because the quiddity of a civil conspiracy claim is the special damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other cause of action." Id. (internal citations omitted).

The Court concludes that the allegations in the complaint with regard to the claim for conspiracy are sufficient to allow the plaintiff's claim to survive a Rule 12 motion. The Court notes that the plaintiff has failed to specify which defendants are responsible for any alleged conspiracy under state law. Without a more definite statement, the defendants cannot be expected to draft a responsive pleading or adequately prepare a defense. For this reason, the defendants' motion for a more definite statement is granted as to this claim for relief.

The plaintiff shall have 14 days to submit a more definite statement with regard to the fourth cause of action for conspiracy under state law. Within this statement, the plaintiff is directed to specify which defendants are allegedly responsible for any conspiracy, and to assert facts with regard to each of the defendants' alleged involvement. Failure to submit a more definite statement in compliance with Federal Rule of Civil Procedure 8(a) within fourteen (14) days of the entry of this Order will result in dismissal of this cause of action.

### D. Ground Six: Violation of Free Speech

The plaintiff's sixth cause of action is for violation of her rights to free speech under the First

Amendment. In the complaint, the plaintiff notes that "Defendants did violate the Plaintiff's rights under the First Amendment to speak freely and criticize the government by retaliating against her for speaking." (Doc. #1, ¶ 27). The plaintiff also asserts that one defendant, a member of law enforcement, has stopped her from complaining at town hall meetings by saying "one more word and I will arrest you." (Doc. #1, ¶ 6).

Again, the factual allegations with regard to this claim are very limited. However, the Court concludes that the facts are sufficient to allow the plaintiff's Free Speech claims to survive a Rule 12 motion. However, the allegations do not appear sufficient to allow the defendants to adequately form a responsive pleading. The plaintiff only identifies two defendants who have allegedly violated her First Amendment rights. Should the plaintiff choose to pursue this cause of action, the plaintiff will be required to supplement the claims with information sufficient to allow the defendants to file a responsive pleading. This information should include identification of each defendant associated with this cause of action, as well as a general description of their alleged conduct.

Thus, the defendants' motion for a more definite statement is granted as to this claim for relief. The plaintiff shall have 14 days to submit a more definite statement with regard to the sixth cause of action for violation of the plaintiff's Free Speech rights. The plaintiff is directed to identify the defendants allegedly involved in the Free Speech violations, as well as provide general information about each individual's involvement. Failure to submit a more definite statement in compliance with Federal Rule of Civil Procedure 8(a) within fourteen (14) days of the entry of this Order will result in dismissal of this cause of action.

### E. Ground Seven: Failure to Prevent Deprivation of Rights Pursuant to 42 U.S.C. § 1986.

The plaintiff's seventh cause of action is for deprivation of rights pursuant to 42 U.S.C. § 1986. Section 1986, in relevant part, provides a cause of action against:

> [e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prvent or aid in preventing the commission of the same, neglects or refuses to do so, . . . shall be liable to the party injured . . . for all damages cause by such wrongful act.

In addition, "[a] cause of action based upon § 1986 is dependent upon the existence of a claim under § 1985." Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985). Because the Court has concluded that the plaintiff's claims pursuant to 42 U.S.C. § 1985 are sufficient to survive a Rule 12 motion, the Court concludes that it is appropriate to allow the claims pursuant to 42 U.S.C. § 1986 to survive as well. Again, the Court notes that the plaintiff has failed to specify which defendants are responsible for any alleged violations of 42 U.S.C. § 1986. Without a more definite statement, the defendants cannot be expected to draft a responsive pleading or adequately prepare a defense. For this reason, the defendants' motion for a more definite statement is granted as to this claim for relief.

The plaintiff shall have 14 days to submit a more definite statement with regard to the fifth cause of action for violations of 42 U.S.C. § 1986. Within this statement, the plaintiff is directed to specify which defendants are allegedly responsible for any Section 1986 violations, and to assert facts with regard to each of the defendants' alleged involvement. Failure to submit a more definite statement in compliance with Federal Rule of Civil Procedure 8(a) within fourteen (14) days of the entry of this Order will result in dismissal of this cause of action.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss, (Doc. #9), is **GRANTED** in part, and the plaintiff's third cause of action for failure to guarantee a republican form of government is hereby **DISMISSED**; the plaintiff's fifth cause of action for violation of the plaintiff's freedom of religion is hereby **DISMISSED**; and the plaintiff's eighth cause of action for deprivation of property is hereby **DISMISSED**.

The defendants' alternative motion for more definite statement pursuant to Fed. R. Civ. P. 12(e), (Doc. #9), is **GRANTED** as to the plaintiff's first, second, fourth, sixth, and seventh causes of action. The plaintiff will have fourteen (14) days to submit a more definite statement regarding the plaintiff's first cause of action for racial discrimination pursuant to 42 U.S.C. § 1983; the plaintiff's second cause of action for depriving persons of rights pursuant to 42 U.S.C. § 1985; the plaintiff's fourth cause of action for conspiracy; the plaintiff's sixth cause of action for violation of the plaintiff's Free Speech rights under the First Amendment; and the plaintiff's seventh cause of action for failure to prevent deprivation of rights pursuant to 42 U.S.C. § 1986. Failure to submit a more definite statement as to these five remaining causes of action will result in dismissal of these claims.[3]

**IT IS SO ORDERED**.

             s/Terry L. Wooten
             United States District Judge

April 7, 2010
Florence, South Carolina

---

[3] The Court notes that the plaintiff's ninth cause of action for permanent injunctive relief has not been impacted by this Order. The ninth claim for permanent injunctive relief is derivative of the five remaining causes action.